## WAY & TAYLOR vs. BROWN & CARMICHAEL.

1. Under the 9th Equity Rule, an injunction to restrain a common-law action ought not to be granted, unless the application is made thirty days before the trial term of the case, or a good reason given for the delay.

2. There is no equity in a bill which asks the injunction of a common-law action upon the grounds: 1st. That the complainants do not owe the debt on which the pending suit is founded. 2d. That the defendants, by suing out garnishment against a person who held assets of the complainants, have prevented the complainants from paying their debts.

In Equity, in Sumter Superior Court. Decision by Judge ALLEN, at October Term, 1859.

Defendants in error filed their bill in equity against Way & Taylor, alleging, that in 1855 they, Brown & Carmichael, having entered into a copartnership to carry on a warehouse and commission business at Americus, Georgia, made an arrangement with Way & Taylor, of Savannah, Georgia, to consign to them all the cotton controlled by complainants, and to use their influence in sending them business, in consideration of which said Way & Taylor were to accept all drafts to be drawn by complainants on them ; that in pursuance of this arrangement, complainants did all they could to sustain and patronize said Way & Taylor. Complainants further state, that they shipped several thousand bales of cotton to said Way & Taylor, and that one of the complainants, being the agent of the Bank of Savannah, induced large shipments of cotton of buyers and planters, to be forwarded to said Way & Taylor ; for which labor and patronage no charge was made, for the reason that it was expected no charge would be made by the latter for accepting complainants' drafts. It is further stated, that on the dissolution of complainants' said firm, in 1857, said Carmichael removed to Albany, Ga., and by agreement with his partner, Brown, left all the assets of said firm in the hands of the latter to pay the firm debts, etc.; that some time after, said Brown absconded and left the said assets with one Bremar, the clerk of the old firm ; upon ascertaining which, complainant Carmichael came to Americus and demanded the books and assets of said firm, with the view of settling up

Way & Taylor *vs.* Brown & Carmichael.

the joint debts, which assets amounted, at the time of the dissolution, to $40,000 00, and the debts to only $30,000 00; and that the copartnership was then solvent, and that if he, Carmichael, could have got possession of the said assets, he could have paid off the firm debts; but when he applied for the assets, he was told he could not get them, as said former clerk had been garnisheed at the instance of said Way & Taylor, who had commenced their two actions—one being complaint and bail, and the other an attachment against complainants on an account for acceptances, commissions, etc., for some eleven thousand dollars, and thus held up the effects of said firm so that the same could not be controlled or collected by complainant, Carmichael; and that great loss accrued to him in consequence of their being thus held up by the failure of parties during the time they were so held, etc. It is further alleged, that said Way & Taylor are pressing their said suits now in the appeal in Sumter Superior Court, and that Way & Taylor are insolvent, etc. The prayer of the bill was for an injunction to restrain said common law action, etc.

This bill was presented to the Chancellor for his sanction at the October Term, 1859—the common law action having been pending on the appeal since the April Term previous.

The Court having passed an order granting the injunction prayed for, counsel for Way & Taylor excepted thereto, and assigned error on the following grounds:

1st. Because there is no equity in the bill, because it is improvidently granted.

2d. Because it should have been sued out at least thirty days previous to October Term, 1859, or some good reason shown for not doing so.

3d. Because the common law proceedings referred to in the bill were not attached thereto as exhibits. (They were not so attached, but leave was asked by complainant to refer to them.)

SCARBOROUGH and IRWIN & BUTLER for plaintiffs in error.

McCAY & HAWKINS, *contra.*

Webb *vs.* Fleming.

*By the Court.*—STEPHENS, J., delivering the opinion.

1. We think that under the 9th Equity Rule, the application for this injunction came too late, unless good cause had been shown for the delay.   None was shown, and the application ought to have been refused.

2. We think, moreover, that there is not a semblance of equity in this bill.   The first ground upon which it is based amounts to nothing but a denial of the debt whose prosecution it seeks to enjoin.   Surely there was no need of equity jurisdiction to make that defense.   The only other ground is, that the complainants had been prevented from paying their debts by a garnishment which the defendants had sued out against a person who held assets of complainants.   If the garnishment was sued out wrongfully, they have a complete remedy by suit on the garnishment bond; if it was sued out rightfully, they are not entitled to any remedy at all.   We think the motion to dissolve the injunction and dismiss the bill, ought to have been sustained.

Judgment reversed.